UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

-----------------------------------------------------. 

|  |  |  |
|---|---|---|
| JOSEPH MURRAY, | : | |
| | : | Civil Action No. 19-cv-18252-CCC-ESK |
| Plaintiff, | : | |
| v. | : | |
| | : | |
| CHARLES E. BAXLEY, | : | |
| | : | JURY TRIAL DEMANDED |
| Defendant. | : | |

-----------------------------------------------------

## FIRST AMENDED COMPLAINT AND JURY DEMAND

Plaintiff Joseph Murray, appearing and acting *pro se*, for his First Amended Complaint against defendant Charles E. Baxley (hereinafter referred to as "Defendant" and/or "Defendant Baxley"), alleges as follows:

## PARTIES

1.      Plaintiff Joseph Murray, an attorney-at-law admitted to practice in the States of New Jersey and New York, resides and conducts business in the County of Morris, State of New Jersey.

2.      Defendant Charles E. Baxley, an attorney-at law admitted to practice in the State of New York, resides and conducts business in the County of New York, State of New York with a residence at 825 West End Avenue, New York, New York and an office at 90 John Street, New York, New York.

## NATURE OF CLAIMS, JURISDICTION AND VENUE

3.      This is an action for slander *per se* and libel *per se* arising under the laws of the State of New Jersey.

4.      Defendant Baxley regularly and systematically conducts business in the State of New Jersey and within this Judicial District by providing legal services to clients located within this Judicial District.

5.      Defendant Baxley's actions, which gave rise to the claims alleged within this complaint, occurred within the State of New Jersey and this Judicial District.

6.      Defendant Baxley communicated slanderous and libelous statements concerning the Plaintiff to persons and entities located within the State of New Jersey and within this Judicial District.

7.      Defendant Baxley's actions, which gave rise to the claims alleged within this complaint, were directed to, and caused harm to Plaintiff, a person residing and working within the State of New Jersey and this Judicial District.

8.      Plaintiff Joseph Murray and Defendant Charles E. Baxley are citizens of and reside in different states.

9.      The amount in controversy in this legal action exceeds the sum or value of $75,000, exclusive of interest and costs.

10.      Jurisdiction of this Court is founded upon 28 U.S.C. section 1332(a)(1).

11.      Venue is proper in this Court pursuant to 28 U.S.C. section 1391(b)(2), because a substantial part of the events or omissions giving rise to the claims occurred within this Judicial District.

## FACTS COMMON TO ALL CLAIMS

12.     Plaintiff Joseph Murray is an attorney at law admitted to practice to, and in good standing with, the bars of the States of New Jersey and New York.

13.     For twenty six (26) years, from approximately 1993 to mid-June 2019, Plaintiff was employed continuously by the New York law firm Charles E. Baxley, P.C., initially as a law clerk and, after graduating with honors from the University of Maryland law school in May 1993, as an intellectual property attorney.

14.     For all of the twenty-six (26) years referred to in paragraph 13 of this complaint, the Charles E. Baxley, P.C. law firm conducted business under a trade name Hart, Baxley, Daniels & Holton.

15.     The Charles E. Baxley, P.C. law firm is currently located at 90 John Street, New York, New York.

16.     For all of the twenty-six (26) years referred to in paragraph 13 of this complaint, Defendant Baxley was the sole owner and president of the Charles E. Baxley, P.C. law firm.

17.     Defendant Baxley is eighty-eight (88) years old.

### CLAIM FOR RELIEF
### SLANDER *PER SE*

18.     Plaintiff Joseph Murray repeats and realleges the allegations set forth in paragraph 1 through 17 above, as though fully set forth herein.

19.     This cause of action is for slander *per se* under the laws of the State of New Jersey.

20.     At a Christmas party held on Christmas Day 2018 at Plaintiff's home in New Jersey, Attorney Baxley accused Plaintiff of being a "thief" who was "stealing" from Defendant Baxley.

21.     At said Christmas party, Defendant Baxley accused Plaintiff of the crime of theft by stealing the shoes of Defendant Baxley's eldest son and "tricking" his son to "go to the law library".

22.     The allegations of criminal theft made by Defendant Baxley against Plaintiff were communicated verbally by Defendant Baxley were made in the presence of approximately 15 people.

23.     Upon information and belief, Defendant Baxley also has communicated verbally to clients, former clients and service providers of the Charles E. Baxley, P.C. law firm that Plaintiff had been terminated from the law firm for stealing property of value.

24.     Upon information and belief, Defendant Baxley communicated verbally at a meeting held during August 2019 and attended by Mr. James Catallo that Plaintiff had been terminated from the Charles E. Baxley, P.C. law firm for stealing property of value from Defendant Baxley.

25.     The accusations of criminal activity made by Defendant Baxley against Plaintiff at the December 25, 2018 Christmas party and at the August 2019 meeting with Mr. Catallo were false.

26.     The statements made by Defendant Baxley against Plaintiff at the December 25, 2018 Christmas party and at the August 2019 meeting with Mr. Catallo tend to lower the Plaintiff's reputation in the estimation of the community or deter third persons from associating with Plaintiff.

27.     Plaintiff has suffered damage as a result of slanderous statements communicated by Defendant Baxley to third persons.

28.     Defendant will continue to commit slander against Defendant unless and until he is enjoined by this Court.   Plaintiff has been and is likely to continue to be injured unless Defendant is enjoined.   Plaintiff has no adequate remedy at law.

## CLAIM FOR RELIEF
## LIBEL *PER SE*

29.     Plaintiff Joseph Murray repeats and realleges the allegations set forth in paragraphs 1 through 28 above, as though fully set forth herein.

30.     In a written communication dated July 1, 2019 to Ms. Elizabeth Landes de Neale, annexed hereto as Appendix "A" and incorporated herein by reference, Defendant Baxley stated that Plaintiff "could not get Law work, so [he] made a mistake of hiring him."

31.     The statement by Defendant Baxley regarding Plaintiff's inability to get law work was false.

32.     The statement by Defendant Baxley regarding Plaintiff's alleged inability to get law work communicated to the recipient that Plaintiff is not qualified to practice as an attorney.

33.     In the letter of July 1, 2019 to Ms. de Neale, Defendant Baxley stated further that Plaintiff's "ego and ignorance made it imperative to get rid of him finally."

34.     The statement set forth in paragraph 33 of this complaint was false.

35.     The statement by Defendant Baxley regarding Plaintiff's alleged ignorance communicated to the recipient that Plaintiff is not qualified to practice as an attorney.

36.     In a written communication dated June 26, 2019 to an attorney named Mr. Hongliang MA, annexed hereto as Appendix "B" and incorporated herein by reference, Defendant Baxley stated that Plaintiff "had no job when he graduated from a Law School".

37.     The statement by Defendant Baxley referenced in paragraph 36 of this complaint was false.

38.    In the June 26, 2019 letter to Mr. MA, Defendant Baxley stated that Plaintiff had an ego, was lazy, was bossy, was absent frequently, was over attentive to female associates and clients, was disloyal, and was insubordinate.

39.    The statement by Defendant Baxley referenced in paragraph 36 of this complaint was false.

40.    In the June 26, 2019 letter to Mr. MA, Defendant Baxley stated that Plaintiff had spread a lie that [he] had lost [his] sanity.

41.    The statement by Defendant Baxley referred to in paragraph 40 of this complaint was false.

42.    In a written communication dated September 19, 2019 to Mr. Bernardo de la Vega, annexed hereto as Appendix "C" and incorporated herein by reference, Defendant Baxley stated that Plaintiff verbally was smearing mud on the reputation of Defendant Baxley's law firm and on Defendant Baxley personally.

43.    The statement by Defendant Baxley referred to in paragraph 42 of this complaint was false.

44.    In the September 19, 2019 letter to Mr. de la Vega, Defendant Baxley stated that Plaintiff was fired from Defendant's law firm for "insubordination to me" and for what Defendant's law firm considers "verbal mud."

45.    The statement by defendant Baxley referred to in paragraph 44 of this complaint was false.

46.    In the September 19, 2019 letter to Mr. de la Vega, Defendant Baxley stated that Plaintiff is not admitted to the "Bar of the United States Patent and Trademark Office" and that

Defendant's law firm was negotiating to replace Plaintiff with an "Intellectual Property Lawyer" who is admitted to said bar organization.

47.    Upon information and belief, there is no attorney bar organization called the "Bar of the United States Patent and Trademark Office."

48.    The statement by defendant Baxley referred to in paragraph 46 of this complaint was false when made or made with reckless disregard for its truth.

49.    In the September 19, 2019 letter to Mr. de la Vega, Defendant Baxley stated that Plaintiff had a brief partnership with attorney Paul Gregory which hastened to an end.

50.    The statement by defendant Baxley referred to in paragraph 49 of this complaint was false.

51.    In the September 19, 2019 letter to Mr. de la Vega, Defendant Baxley stated that Plaintiff sold "primarily to women."

52.    The statement by defendant Baxley referred to in paragraph 51 of this complaint was false.

53.    From approximately June 2019, Plaintiff Joseph Murray has been insured under a malpractice policy of insurance underwritten by CNA Financial Company. Said policy of insurance includes an endorsement for intellectual property attorneys.

54.    During the majority of time that Plaintiff was employed at Baxley law firm, Plaintiff also was insured by a malpractice policy underwritten by CNA Financial Company.

55.    Upon information and belief there are approximately three (3) insurance underwriters that issue attorney malpractice policies covering intellectual property attorneys practicing in the United States.

56.     Upon information and belief malpractice insurance for intellectual property attorneys is considered to be excess lines coverage due to the relative risk and costs associated with claims historically made against intellectual property attorneys.

57.     Upon information and belief, Jamison Insurance Group of New Jersey is the only insurance agent that represents CNA Financial Company in the issuance of malpractice policies that include an endorsement for intellectual property law.

58.     Plaintiff's insurance agent is Jamison Insurance Group.

59.     For approximately twenty (20) years during Plaintiff's employment at the Defendant Baxley's law, Plaintiff Joseph Murray and Defendant Charles Baxley were the only attorneys insured under the law firm's malpractice policy underwritten by CNA Financial Company.

60.     During said approximately twenty (20) year period, upon information and belief, Jamison Insurance Group served as insurance agent to the Charles E. Baxley, P.C. law firm.

61.     In a written communication from Defendant Baxley to Ms. Wanda Robinson, Vice President of the Jamison insurance agency, annexed hereto as Appendix "D" and incorporated herein by reference, Defendant Baxley stated that Plaintiff had teamed with another attorney to "divert thousands of dollars for their own use in performing Intellectual Property services for the Firm's Clients in what may be embezzlement or some other violation of law."

62.     The statement by defendant Baxley referred to in paragraph 61 of this complaint was false when made or made with reckless disregard for its truth.

63.     The written statements made by Defendant Baxley referred to in paragraphs 30, 33, 36, 38, 40, 42, 44, 46, 49, 51 and 61 of this complaint tend to lower the Plaintiff's reputation in the estimation of the community or deter third persons from associating with Plaintiff.

64.     The written statements made by Defendant Baxley referred to in paragraphs 30, 33, 36, 38, 40, 42, 44, 46, 49, 51 and 61 of this complaint were knowingly false when made by the Defendant or were made with reckless disregard for their truth.

65.     The written statements made by Defendant Baxley referred to in paragraphs 30, 33, 36, 38, 40, 42, 44, 46, 49, 51 and 61 of this complaint describe a character or reputation of Plaintiff that is incompatible with the proper exercise of Plaintiff's lawful business, trade, or profession as an attorney at law.

66.     The written statement made by Defendant Baxley referred to in paragraph 61 of this complaint alleged that Plaintiff had committed criminal activity.

67.     Plaintiff has suffered damage as a result of libelous statements communicated by Defendant Baxley to third persons.

68.     Defendant will continue to commit libel against Defendant unless and until he is enjoined by this Court.  Plaintiff has been and is likely to continue to be injured unless Defendant is enjoined.  Plaintiff has no adequate remedy at law.

## JURY DEMAND

69.     Plaintiff Joseph Murray demands a jury trial.

**WHEREFORE,** plaintiff Joseph Murray demands judgment:

a.      Preliminarily and permanently enjoining Defendant Baxley from communicating and publishing slanderous and libelous statements against Joseph Murray;

b.      Requiring Defendant Baxley to pay to Plaintiff actual damages as a consequence of Defendant Baxley's wrongful acts set forth in this complaint

c.      Requiring Defendant Baxley to pay to Plaintiff presumed damages as a consequence of Defendant Baxley's wrongful acts set forth in this complaint;

      d.      Requiring Defendant Baxley to pay to Plaintiff punitive damages as a consequence of Defendant Baxley's wrongful acts set forth in this complaint;

      e.      Granting such other and further relief as this Court deems just and proper.

I declare under penalty of perjury that the foregoing is true and correct and that statements made upon information and belief are believed to be true.

Respectfully submitted,

Dated:  October 4, 2019
      Florham Park, New Jersey

s/ Joseph T. Murray
Joseph T. Murray
*Pro Se*

195 Columbia Turnpike – Suite 125
Florham Park, New Jersey 07932

Tel. (646) 690-1950
*e-mail:* jtm@twillmurray.com

APPENDIX "A"

# HART, BAXLEY, DANIELS & HOLTON

90 JOHN STREET - SUITE 403
NEW YORK, NY 10038-3242
(212) 791-7200
FACSIMILE (212) 791-7276

1 July 2019

WRITER'S E-MAIL: ceb@hartbaxley.com

Ms. Elizabeth Landes de Neale
Sociedad Nacional de Galapagos C.A.
Empaccadora Champmar S.A.
Av. Las Esclusas Km. 3.5
Guayaquil - Ecuador

Greetings Elizabeth:

> Europe Trademark Appln 017921263
> Trademark "**NUMBER ONE & Design**"
> Sociedad Nacional de Galápagos C.A.
> This Firm's reference 20525 B-3
>
> New European Trademark
> NUMBER ONE BRAND & Design
> Sociedad Nacional de Galápagos C.A.
> This Firm's reference 20525 B-4

You may be receiving communication from Joseph T. Murray, Esquire who pretends to represent my Firm.

Such is not true I fired Mr. Murray on 17 June 2019. He is married to one of my daughters so when he got out of some Law School he could not get Law work, so I made a mistake of hiring him. However, his ego and ignorance made it imperative to get rid of him finally regardless what my daughter Maureen may say or think.

I apologize for any inconveniences you may be put to by Joseph Murray. You are free to ignore him. This Firm is happy and proud to represent you in intellectual property legal matters Worldwide. Our relationship should continue undisturbed by Joseph Murray.

Best regards,

Charles E. Baxley

CEB:lp/20525 B-3 & 20525 B-4

APPENDIX "B"

# HART, BAXLEY, DANIELS & HOLTON

90 JOHN STREET - SUITE 403
NEW YORK, NY 10038-3242
(212) 791-7200
FACSIMILE (212) 791-7276

26 June 2019

WRITER'S E-MAIL: ccb@hartbaxley.com

NTD Intellectual Property Attorneys
10th Floor, Tower C, Beijing Gloval Trade Center
36 North Third Rind Road East
Dongcheng District, Beijing 1000013
China

<u>Attention</u>:   Hongliang MA, Attorney

Dear Mr. MA:

> Your reference T201612867:29A1
> China Trademark Reg. 21018661
> **ECUAGOLD** in Class 029
> This Firm's reference 18386 B-2
>
> China Trademark Reg. 21018660
> CHAMPMAR in Class 029
> This Firm's reference 18387 B-2
>
> <u>Empacadora Champmar S.A. to Sociedad Nacional de Galapagos C.A.</u>

**<u>Personnel</u>**:

Joseph T. Murray is married to one of my Daughters and Father to my Grandchildren.  When he graduated from a Law School, he had no job, so I hired him and for several years I had tolerated his ego, laziness, bossiness, absenteeism, his over attention to female associates and clients, disloyalty, and insubordination.  He is quite handsome and thriving, but he represented himself more than this Law Firm which is owned by me.  Finally, I fired him effective end of business Monday 17 June 2019.

For example, he spread a lie that I had lost my sanity, which is untrue.  Joseph butted into anything he wanted to.

Communications to you that would have gone to Joseph should be sent to me instead.

Joseph's senseless insinuation into business of Sociedad Nacional de Galapagos C.A. is just one of many contacts he has made while working for my Firm. As is usual Joseph is contacting this Firm's clientele.



HART, BAXLEY, DANIELS & HOLTON
NTD Patent and Trademark Agency Ltd./Beijing Office

Attention:    Hongliang MA, Esquire

26 June 2019
Page 2

You appear to be handling this Application very well, as usual.  So please continue as you have been doing so well on behalf of my Corporation.  Your excellent cooperation is appreciated.

Best personal and professional regards,

*Charles*

Charles E. Baxley

CEB:lp/18386 B-2 & 18387 B-2

APPENDIX "C"

Hᴀʀᴛ, Bᴀxʟᴇʏ, Dᴀɴɪᴇʟs & Hᴏʟᴛᴏɴ
90 Jᴏʜɴ Sᴛʀᴇᴇᴛ – Sᴜɪᴛᴇ 403
Nᴇᴡ Yᴏʀᴋ, NY  10038-3242
(212) 791-7200
FACSIMILE (212) 791-7276
September 19, 2019

WRITER'S E-MAIL: ccb@hartbaxley.com

**VIA E-MAIL ONLY**
bernardo@mealthy.com

Mr. Bernardo de la Vega
c/o Mealthy
West Hollywood Los Angeles, CA 07647

Dear Bernardo:

**Beware of Verbal Mud**:

Hart, Baxley Law Firm dates its History from 1844.  For many years I have served and still serve, to the best of my ability, as the Firm's Chairman.  Sadly, a disgruntled, recently terminated employee his name is Joseph T. Murray and he appears to have been and to still be smearing verbally mud on the Firm's reputation and on me personally. The mud takes the forms of unfair, unfounded and untrue communications to our Clients.

For example, he suggests that I am or may be coming crazy, which I have never been or heard before and my Doctor denies.

Joseph was fired from the Firm for insubordination to me and for what the Firm considers verbal mud that we will not tolerate.  So, we alert you and counterattack, I suggest that you beware of Joseph's mud and pay it no or little attention.  It is fiction not fact.

The Firm is negotiating to replace Joseph by an Intellectual Property Lawyer who is admitted to the Bar of United States Patent and Trademark Office, which Joseph is not.  We want a Lawyer who served as a Patent Office Examiner and in private practice with excellent skills and reputation.  She or he should have all or most necessary education and other qualifications to replace me in the Firm, if and when the time comes.  Yet such happenings are down the trail.

So, forget about Joseph, even though Joseph was related to me.  His brief partnership with Paul Gregory, Esquire hastened to an end.  Joseph was never a Partner, nor an Officer of this Firm.  He sold primarily to women, partly because his is indeed handsome.

Mr. Bernardo de la Vega
c/o Mealthy
West Hollywood Los Angeles, CA 07647

September 19, 2019
Page 2

     We removed Joseph with the Firm's efficiency, honesty, truth and cordiality earned from 1844 through the present.

Cordially,
Hart, Baxley, Daniels & Holton

By: _____
Charles E. Baxley
Chairman for the Firm

CEB:lp

APPENDIX "D"

# CHARLES E. BAXLEY

### A PROFESSIONAL CORPORATION
90 JOHN STREET - SUITE 403
NEW YORK, NY 10038-3242
(212) 791-7200
FACSIMILE (212) 791-7276

August 20, 2019

WRITER'S E-MAIL: ceb@hartbaxley.com

**<u>URGENT & IMPORTANT</u>**

<u>**VIA EXPRESS MAIL**</u>

Jamison Underwriting Services
20 Commerce Drive – Suite 200
Cranford, New Jersey 07016

RECEIVED
AUG 2 2 2019

JAMISON INSURANCE GROUP, NJ

<u>Attention</u>:   Ms. Wanda Robinson, Vice President

Dear Ms. Robinson:

<u>Policy Number:  IPL267917218</u>

Claim in Intellectual Property in performance of a sequence of legal and commercial services for Clients of my Firm an Attorney, Hart, Baxley, Daniels & Holton, employee working in New York State in cooperation with an Attorney in New Jersey to divert payments of some of our Intellectual Property Clients from New York to New Jersey.

To the best of my knowledge and belief, M., Esquire of this Firm in New York teamed with G., Esquire an Attorney in New Jersey, Inc. diverted thousands of dollars for their own use in performing Intellectual Property services for the Firm's Clients in what may be embezzlement or some other violation of law.

There are 2 days remaining on Intellectual Property Lawyers Professional Liability Insurance Policy Number IPL267917218.  I attempted to reach you via telephone but all I got was a recording.  Therefore, I attempt to reach you again via Express Mail to meet any deadline applicable to this situation.

Your prompt emergency attention to the claim will be appreciated.  The information that I have provided to you is all that is available to me at this moment.  I have been your customer for over 30 years.

It is still extremely difficult to reach any living person at Jamison.  It seemed as though you were hiding.

Respectfully,

*Charles E Baxley*

Charles E. Baxley

CEB:lp

## **CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the annexed FIRST AMENDED COMPLAINT AND JURY DEMAND was served on defendant on this 4th day of October 2019 via first-class mail, post prepaid, in an envelope addressed to:

**CHARLES E. BAXLEY**
**90 JOHN STREET – SUITE 403**
**NEW YORK, N.Y. 10038-3242**

s/ Joseph T. Murray